**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0901-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALLAN R. COOPER,

    Defendant-Appellant.

_____

        Submitted September 9, 2019 – Decided September 18, 2019

        Before Judges Sabatino and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-04-0554.

        Joseph E. Krakora, Public Defender, attorney for appellant (Jay L. Wilensky, Assistant Deputy Public Defender, of counsel and on the brief).

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Christopher Michael Malikschmitt, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to certain persons not to possess a firearm, N.J.S.A. 2C:39-7(b), defendant Allan R. Cooper appeals an order denying his motion to suppress drugs and a gun, discarded while trying to avoid police apprehension, in the course of a warrantless arrest and search. R. 3:5-7(d). Defendant's motion to suppress hearing was heard together with the similar motion to suppress drugs and a gun filed by co-defendant Darrell M. Hall. The State claimed defendant and Hall were openly selling drugs together on a porch at a residence in a Trenton neighborhood that was a known narcotics area.

Defendant raises the following argument:

> THE MOTION COURT'S DENIAL OF SUPPRESSION WAS NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD, AND ACCORDINGLY MUST BE REVERSED. U.S. CONST., AMENDS. IV, XIV; N.J. CONST. (1947), ART. 1, PAR 7.

In his merits brief, defendant attacks the motion judge's credibility findings, arguing the police could not have seen the alleged drug-selling activity given their location and poor lighting conditions. Defendant also contends that if the police were located where they claimed, their presence would have been obvious to the individuals allegedly seen buying drugs and would have curtailed any drug dealing.

A-0901-17T3

We incorporate by reference the facts and legal analysis set forth in State v. Hall, No. A-1321-17 (App. Div. 2019), our companion opinion rendered today, in which we rejected Hall's challenge to the judge's fact-finding and reasoning and upheld the warrantless arrest and search that resulted in defendant and Hall's guilty pleas. We affirm the judge's denial of defendant's motion to suppress for the same reasons we articulated in Hall.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0901-17T3